LOTTINGER, Judge.
This suit was filed by the Louisiana Horticulture Commission, as petitioner, against Johnny Butler, as defendant, seeking an injunction against defendant from violating the provisions of Title 37:1964 Louisiana Revised Statutes. The lower court rendered a judgment against the petitioner and in favor of defendant, dismissing petitioner’s action. The petitioner has taken this appeal.
The petitioner filed suit against defendant seeking to enjoin the defendant from engaging in the professional services of horticulture and tree surgery without the furnishing of a bond and the securing of a *400 license in accordance with the provisions of Title 37:1964 of the Louisiana Revised Statutes. Said statute provides as follows:
“A. Every person, before engaging in any professional service herein defined, shall satisfactorily pass an examination herein which shall be described by the commission, and shall obtain from the commission a license to engage in such professional services. The application to take the examination for such license shall be in writing and on forms which shall be prescribed by the commission. Such application shall contain appropriate statements or affidavits as shall be required by the commission concerning the professional experience and qualifications of such applicant. The applicant for a license to engage in the practice of cotton insect control, sugar cane borer control, entomology and plant pathology service, tree surgery service or ornamental spraying and dusting as herein defined, shall furnish a bond in the sum of two thousand dollars. Said bond shall be filed and duly recorded in the office of the chairman. A copy of said bond, duly certified by the chairman, shall be received as evidence in all the courts of this state without further proof. Any person having a right of action against such person may bring suit against the principal and surety of such bond. This bond shall be kept in full force and effect as long as the principal therein remains engaged in those professional services for which a bond is required. Failure to so keep them in effect shall require forfeiture and revocation of the principal’s license by the commission. The provisions for a bond hereinabove described shall not apply to an applicant for license or permit to qualify hereunder for engaging in horticultural service, retail or wholesale florist service, pot plant or nursery stock dealer, landscape architecture or landscape contractor or cut flower dealer, as herein defined.
B. The applicant for license shall pay a fee of twenty-five dollars prior to examination, and a licensee shall pay in advance an annual fee of ten dollars prior to engaging in any phase of professional service as defined herein, and no person shall be allowed to take said examination without prior payment of twenty-five dollars, and all persons who fail to pay the annual fee of ten dollars for each phase of professional service engaged in shall forfeit their license.
C. A pot plant or nursery stock dealer shall not be required to obtain a license but shall be required to obtain a permit from the commission before engaging in business as a pot plant or nursery stock dealer, and shall pay in advance an annual fee of twenty-five dollars for each separate establishment or place of business operated by said pot plant or nursery stock dealer in which pot plants or nursery stock are sold and shall secure a renewal of such permit annually thereafter for an annual fee of twenty-five dollars as long as he conducts the business of buying and selling pot plants and nursery stock. The application for a permit shall be in writing and on forms which shall be prescribed by the commissioner.
D. A cut flower dealer shall not be required to obtain a license but shall be required to obtain a permit from the commission before engaging in the business as a cut flower dealer and shall pay in advance an annual fee of twenty-five dollars for each separate outlet, from which cut flowers only shall be sold and shall secure renewal of such permit annually thereafter for an annual fee of twenty-five dollars, as long as he conducts business as a cut flower dealer. The application for a permit shall be in writing and on forms which shall be prescribed by the commissioner.
Each applicant for a permit to engage in the business of cut flower dealer shall *401 provide facilities to maintain cut flowers in such a manner as to preserve their quality. A container with adequate water shall be considered a facility to maintain quality.
An exception of unauthorized use of summary proceedings was filed by the defendant. At the hearing the matter was transferred to an ordinary one and on the rule nisi after the hearing on October 4, 1974 the court granted a preliminary injunction in favor of petitioner and against the defendant. Following trial on the merits, on December 17, 1974 the court awarded a judgment in favor of defendant rejecting the petitioner’s demands and dissolving the preliminary injunction issued on October 4, 1974. The petitioner has appealed.
The petitioner assigns two errors on the part of the lower court, the first being that the district court erred in holding that plaintiff did not have the right to use summary proceedings in enforcing and prohibiting in violation of R.S. 37:1964, subd. A, and the second being that the district court erred in holding that it was not in violation of the statute for the defendant to receive fees for doing tree surgery work without being licensed or bonded.
With regard to the first assignment of error on the part of the petitioner, we believe that same has now come moot and we will not consider this assignment.
The record discloses that the defendant has had previous bouts with the petitioner. He had previously been enjoined, and at least on one occasion had been held in contempt of court for violating an injunction and received a jail sentence which was suspended.
The evidence discloses that the basis for this suit concerns work which the defendant performed for Lieutenant George O’Conner at his residence in Baton Rouge during the month of May, 1974. The testimony indicates that the only work done on this prior occasion was the removal of two trees and the trimming of some five trees. Mr. O’Conner testified that the reasons he had such work done was because they “. . . were protruding over the top of the residence and they were in my T.V. antenna and so forth.” He stated that the trimming of the trees was not in an effort to prolong their lives and that the defendant did not do any cavity work for him.
Title 37:1961, sub-section C(3) of the Louisiana Revised Statutes describes tree surgery service as follows:
“Receiving fees, directly or indirectly for pruning or cavity work on shrubs and trees or treating trees and shrubs in any manner whatsoever to retard or repair decay or disease of same, and to prolong the life of the shrubs or trees so treated, and for the determination of the condition of the trees and removal of same.”
It is clear, after reading the testimony adduced in this matter, that the defendant did no work whatsoever on these particular trees which was intended to retard or repair decay or disease or to prolong the life thereof. The sole and only work he did was the removal of trees which were pointed out to him by Mr. and/or Mrs. O’Conner as well as to trim the branches of certain trees which were pointed out to him. We feel, as apparently did the lower court, that the petitioner has failed to sustain its burden of proof that the defendant violated the statute. Furthermore, it is well settled jurisprudence in this state that the decisions of the lower court will not be reversed except for obvious error, and we find no error on the part of the lower court.
For the reasons hereinabove assigned, the judgment of the lower court will be affirmed, all costs of this appeal to be paid by petitioner, as permitted by law.

Affirmed.